SO ORDERED: October 20, 2011.



James K. Coachys
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SUSAN DANETTE KRAUSE, | ) | Case No. 11-03666-JKC-7 |
| | ) | |
| Debtor. | ) | |

### ORDER DENYING MOTION TO AVOID JUDICIAL LIEN

This matter comes before the Court on Debtor's Motion to Avoid Judicial Lien against The Village Pines at Pines of Greenwood Homeowners Association, Inc. (the "HOA") and the HOA's objection thereto. At the conclusion of a hearing on July 21, 2011, the Court ordered the parties to file briefs on their respective positions. After reviewing the briefs, the Court conducted another hearing on September 29, 2011, to discuss an issue with the parties–as further explained below–that had otherwise not been discussed. Having now considered the parties' arguments and relevant law, the Court issues the following Order.

Since May of 2004, Debtor has owned real property within the Village Pines at the Pines of Greenwood ("Village Pines"). The HOA manages Village Pines. As a resident of Village Pines,

Debtor is subject to a Declaration of Covenants, Conditions and Restrictions and Grant and Reservation of Easements for the Village Pines at the Pines of Greenwood (the "Declaration") that was recorded in January of 2000. The Declaration provides in relevant part:

> 5.1 <u>Personal Obligation of Assessments</u>. [E]ach Owner . . . by accepting title to a Lot . . . shall be deemed to covenant and agree to pay to the Association, Annual Assessments and other amounts as required or provided for in this Declaration. . . . Other amounts payable by an Owner to the Association . . . including late charges, fines, penalties, interest, attorneys fees and other costs and expenses incurred by the Association in collecting unpaid amounts shall be added to the Annual or Special Assessments, charged to his Lot and shall be enforceable and collectible as Annual or Special Assessments.
>
> \* \* \* \* \*
>
> 5.9 <u>Delinquency</u>. Any installment of an assessment provided for in this Declaration shall be delinquent if not paid within fifteen (15) days of the due date as established by the Board of the Association. Upon such delinquency, the Board may choose to accelerate the Annual Assessment making the full amount of the Annual Assessment, not simply the delinquent installment, immediately due and payable. The Board shall assess a late charge for any delinquent payments in the amount of Twenty-five Dollars ($25.00) for the first thirty (30) day period and an additional Twenty-five Dollars ($25.00) for any subsequent thirty (30) day period. The Association may bring action in any court having jurisdiction against the delinquency Owner to enforce payment of the same and/or to foreclose the lien against the Owner's Lot, and there shall be added to the amount of such assessment all costs of such action, including the Association's attorney fees. In the event a judgment is obtained, such judgment shall include such interest, costs and attorney fees. . . .
>
> 5.10 <u>Creation and Release of Lien</u>. All sums assessed with the provisions of this Declaration shall constitute a lien on the respective Lot from the time such sums become due prior and superior to all other liens and encumbrances thereon except (a) liens and encumbrances Recorded before Recordation of this Declaration; (b) a first Mortgage on the Lot (c) liens for real estate taxes and other government assessments or charges against the Lot. The Association may enforce the lien after Recordation by the Board or its authorized agent of a Notice of Lien ("Notice of Lien") which states (I) the amount of the assessment and other authorized charges and interest, including the cost of preparing the Notice of Lien, (ii) a sufficient description of the Lot . . . and (iii) the name of the Owner thereof.
>
> 5.11 <u>Enforcement of Liens</u>. It shall be the duty of the Board to enforce the collection of any amounts due under this Declaration by one (1) or more of the

>   alternative means of relief afforded by this Declaration or in any other matter permitted by law. The lien on the Lot may be enforced by sale of the Lot by the Association . . . after failure of the Owner to pay any Annual or Special Assessment, or installments thereof, as well as any charges, penalties, fines, late charges, interest or attorney fees as provided herein. The sale shall be conducted in accordance with the provisions of Indiana law. . . . Suite to recover a money judgment for unpaid assessment, charges, penalties, fines, late charges, interest or attorney fees, shall be maintainable without foreclosing or waiving any lien securing the same . . . .

Beginning in December of 2005, Debtor failed to pay the assessments due under the Declaration. The HOA filed a Notice of Assessment of Lien (the "Notice of Lien") on August 31, 2009 for all unpaid assessments through August 10, 2009, in the amount of $3,357.00. On May 27, 2010, the HOA initiated a lawsuit in Johnson Superior Court to foreclose its lien. A judgment of foreclosure was entered on January 26, 2011 (the "Judgment"), in the amount of $7,743.51. That amount includes assessments, interest and attorney fees that accrued after the Notice was filed.

Debtor filed a voluntary Chapter 7 bankruptcy petition on March 30, 2011, and subsequently moved to avoid the HOA's lien as a "judgment lien" pursuant to 11 U.S.C. § 522(f). The HOA objected to this treatment, arguing that the subject lien was a "statutory lien" and, therefore, not subject to avoidance. In response, Debtor conceded that the subject lien was statutory in nature to the extent of $3,357.00–the amount stated in the Notice of Lien. Debtor insisted that the additional amounts included in the Judgment, i.e., those that accrued after the Notice of Lien was filed, constitute a judicial lien subject to avoidance under § 522(f).

Section 522(f) of the Code provides in relevant part:

>   Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
>   (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or

3

> (B) a nonpossessory, nonpurchase-money security interest in any–
> (I) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
> (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
> (I) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

By its terms, § 522(f) does not permit a debtor to avoid the fixing of a statutory or consensual lien. Section 101(53) of the Code defines "statutory lien" as a lien "arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not such interest or lien is provided by or is dependent on statute and whether or not such interest or lien is made fully effective by statute."

At first blush, the Court was of the opinion that the HOA's lien was statutory in nature, at least partially. After more careful consideration, however, the Court questioned that assumption. As quoted extensively above, Debtor's and the HOA's respective obligations and rights were initially spelled out in the Declaration. In 2007–after Debtor purchased the subject property–Indiana enacted legislation that established procedures for creating, recording, foreclosing, and releasing a lien on real estate filed by a homeowners' association for nonpayment of common expenses assessed against the real estate. *See* IND. CODE § 32-28-14. In light of the Declaration, the Court questioned whether the lien arose "solely" from statute and whether it was, instead, a consensual lien.

In light of that issue, the Court conducted an additional hearing on September 29, 2011. At

4

the hearing, both parties conceded that the subject lien is, at least partially, consensual in nature. Debtor continued to insist, however, that only the amount stated in the Notice of Lien is consensual and that the remaining amounts constitute a judgment lien. The Court disagrees.

The Declaration provides that "[a]ll sums assessed with the provisions of this Declaration shall constitute a lien on the respective Lot from the time such sums become due . . . ." *Declaration* at ¶5.10. Section 5.1 of the Declaration indicates that such "sums" include Annual and Special Assessments, as well as "late charges, fines, penalties, attorney fees and other costs and expenses incurred by the [HOA] in collecting unpaid amounts . . . ."

Admittedly, the Declaration states that the lien may be enforced after recordation of a Notice of Lien that includes, among other things, the amount of the unpaid assessment. But in the Court's view, this requirement is merely an act to put third parties on notice as to the existence of the lien. Whatever amount ultimately gets reduced to a judgment–even if that amount is greater than that stated in the Notice of Lien–is fundamentally a consensual lien. As such, it is not subject to avoidance as a judicial lien pursuant to 11 U.S.C. § 522(f).

For the above stated reasons, the Court denies Debtor's Motion to Avoid Judicial Lien. The lien in question–in its entirety–is consensual in nature and is therefore, not a judgment lien.

###

Distribution:

Michael F. Harper
Laura B. Conway
UST
Chapter 7 Trustee

5